

Opinions of the United
States Court of Appeals
for the Third Circuit

7-26-2006

# Widjaja v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4711

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Widjaja v. Atty Gen USA" (2006). *2006 Decisions.* Paper 695.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/695

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-4711, 05-1537
_____


SUMARSONO WIDJAJA,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent


_____


On Petition for Review of an Order of
the Board of Immigration Appeals
(A79 734 405)


_____


Submitted under Third Circuit LAR 34.1(a) – March 28, 2006
_____


Before: MCKEE and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>.
and POLLAK,* <u>District</u> <u>Judge</u>.

(Filed: July 26, 2006)

_____

OPINION

---

\* Honorable Louis H. Pollak, District Judge for the United States District Court of the Eastern District of Pennsylvania, sitting by designation.

————————

POLLAK, <u>District</u> <u>Judge</u>:

Petitioner Sumarsono Widjaja petitions for review of a decision of the Board of Immigration Appeals ("BIA") affirming an immigration judge's ("IJ") conclusion that Widjaja was ineligible for asylum[1].

Because we write primarily for the parties, who are presumably familiar with the facts and procedural history of the case, we will summarize the facts and history of the case only briefly. The facts of the case are largely undisputed. Widjaja is a Chinese Christian from Indonesia. Throughout his life in Indonesia, Widjaja was subjected to significant abuse. Widjaja and his daughter entered the United States lawfully as non-immigrant visitors on July 2, 2000. After arriving in the United States, Widjaja contacted the Chinese Indonesian American Society (CIAS), a private organization that helps immigrants, and hired it, at a cost of $2,500, to prepare an asylum application for his daughter. Because Widjaja had limited funds, and because he had heard that many asylum application preparers cheat their clients, he decided not to hire CIAS to prepare an asylum application on his behalf at that time. On March 17, 2003, the Department of Homeland Security served Widjaja with a notice to appear, charging him with removability. Widjaja filed an asylum application on July 23, 2003.

---

[1] Widjaja also filed a timely notice of appeal of the BIA's denial of his motion to reconsider. That appeal (No. 05-1537) has been consolidated with his appeal on the merits (No. 04-4711). Because Widjaja's brief makes no argument that the BIA erred by denying his motion to reconsider, his appeal of that decision will be denied. The discussion in the remainder of this opinion will be limited to Widjaja's appeal on the merits.

In removal proceedings, Widjaja testified that he had suffered numerous incidents of discrimination and violence in Indonesia as a result of his race and religion. The IJ found Widjaja's testimony credible but denied asylum, finding that Widjaja had failed to show either that he had filed his asylum application within one year of his arrival in the country, as required by 8 U.S.C. § 1158(a)(2)(B), or that he qualified for an exception to the one-year filing deadline under 8 U.S.C. § 1158(a)(2)(D). Widjaja argued that his lack of knowledge regarding the one-year filing deadline amounted to an extraordinary circumstance within the meaning of § 1158(a)(2)(D), but the IJ rejected this argument, noting that, while Widjaja may not have been fully informed of the consequences of filing his asylum application out of time, there was no evidence that anyone affirmatively misled Widjaja regarding the one-year filing deadline. The IJ further found that Widjaja's testimony failed to establish past persecution and that the likelihood of future persecution was inadequate to entitle Widjaja to withholding of removal. Nevertheless, the IJ suggested that, if Widjaja were given the benefit of the doubt with respect to his explanation for missing the one-year filing deadly, the IJ would find Widjaja eligible for asylum "based on [the IJ's] view that [Widjaja] would face at least a reasonable possibility of future persecution from non-state actors on the basis of the inability of this government in Indonesia to sufficient [*sic*] control those forces that have in the past and continue to target Chinese Christians . . . ."

Widjaja appealed the IJ's denial of his asylum application to the BIA, which

3

affirmed and adopted the IJ's decision.

Widjaja timely petitioned this court for review of the BIA's decision. On appeal, he asserts three points of error: 1) the IJ erred by failing to apply a "benefit of the doubt" standard in reaching its extraordinary circumstances determination, and its determination was erroneous; 2) the one-year asylum application filing deadline violates the Constitution and U.S. treaty obligations; and 3) the IJ erred in finding Widjaja ineligible for withholding of removal.

We have jurisdiction to review the BIA's final order of removal pursuant to 8 U.S.C. § 1252(a)(1). Because the BIA adopted the IJ's reasoning, we review the IJ's decision. *Abdulai v. Ashcroft*, 239 F.3d 542, 549 n.2 (3d Cir. 2001).

Widjaja's first two contentions are foreclosed by our recent decision in *Sukwanputra v. Gonzales*, 434 F.3d 627 (3d Cir. 2006). In *Sukwanputra*, we rejected the notion that a determination under 8 U.S.C. § 1158(a)(2)(D) is governed by a "benefit of the doubt" standard, and we held that we lack jurisdiction to review a discretionary agency determination that an asylum applicant failed to meet his burden in establishing extraordinary circumstances. *Id.* at 634-35. We also rejected arguments that the one-year filing deadline of 8 U.S.C. § 1158(a)(2)(B) violates the United States' treaty obligations or the Due Process Clause or Supremacy Clause of the Constitution. *Id.* at 631-33.

In considering Widjaja's final contention – that the IJ erred in finding Widjaja ineligible for withholding of removal – we review the IJ's decision for substantial evidence and ask whether a reasonable fact finder could make the finding on the basis of

4

the administrative record. *Dia v. Ashcroft*, 353 F.3d 228, 249 (3d Cir.2003). The IJ found that Widjaja had failed to demonstrate past persecution and that, while the possibility of future persecution was adequate to satisfy the "well-founded fear" asylum standard, it was not adequate to satisfy the "clear probability" standard used to determine eligibility for withholding of removal. In finding that Widjaja had failed to demonstrate past persecution, the IJ stated that "[i]ndividuals such as the respondent, who have been victims of actions to include damaged vehicles, impaired church attendance, and attacks on businesses requiring the readjustment of delivery schedules are, in the Court's view, not individuals who have suffered past persecution." The IJ concluded that the abuse endured by Widjaja in Indonesia did not "cumulatively fall within even the outer parameters of *Matter of O-Z- and I-Z-*."

On appeal, Widjaja claims his experiences in Indonesia were equivalent to those found by the BIA to amount to persecution in *Matter of O-Z- and I-Z-*, 22 I & N Dec. 23 (BIA 1998). In *Matter of O-Z- and I-Z-*, the asylum applicant was a native Russian Jew who lived in Ukraine before he fled to the United States. *Id.* at 23. While in Ukraine, the applicant and his son suffered physical attacks on multiple occasions and required medical treatment as a result of some of the attacks, the applicant's apartment was robbed and ransacked, and the applicant repeatedly received anti-Semitic fliers and written threats at his home. *Id.* at 25-26. The BIA concluded that "these incidents constitute more than mere discrimination and harassment. In the aggregate, they rise to the level of persecution as contemplated by the Act." *Id.* at 26.

The record shows that Widjaja was physically attacked three times – twice he was beaten until he could not get up, and once a man knocked him and his wife off their motorcycle and attempted to cut Widjaja's neck with a large knife. The record also shows numerous less severe instances of abuse, including vandalism of Widjaja's property, theft of his business merchandise, and threats against his religious group. Widjaja's experiences would be similar to the circumstances of *Matter of O-Z- and I-Z-* but for two significant facts: 1) the abuses considered in *Matter of O-Z- and I-Z-* all occurred over the course of less than two years, with no lapse of more than a few months between incidents; in contrast, the abuses suffered by Widjaja occurred over the course of over 30 years, with one period of over 20 years during which Widjaja reported no abuse; and 2) the applicants in *Matter of O-Z- and I-Z-* suffered substantial injuries as a result of the attacks on them, including a knee injury that required surgery; Widjaja, on the other hand, admits that he was never seriously injured by the attacks on him. This court does not recognize "isolated incidents that do not result in serious injury" as persecution. *Voci v. Gonzales*, 409 F.3d 607, 615 (3d Cir. 2005). Accordingly, we find that "a reasonable fact finder" could make a finding of no past persecution based on the administrative record in this case. We also find no basis on which to overturn the IJ's finding that Widjaja's risk of future persecution in Indonesia is less than a "clear probability." We will therefore deny the petition for review.